Stephen M. Doniger (SBN 179314)
stephen@donigerlawfirm.com
Scott A. Burroughs (SBN 235718)
scott@donigerlawfirm.com
DONIGER BURROUGHS
603 Rose Avenue
Venice, California 90291
Telephone: (310) 590-1820

Attorneys for Plaintiff

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ECLIPSE SPORTSWIRE,<br><br>Plaintiff,<br><br>v.<br><br>CHAT SPORTS, INC., et al.,<br><br>Defendants. | Case No. 2:21−cv−00098−CAS−MRW<br>*Hon. Christina A Snyder Presiding*<br><br>**NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT BY COURT; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION OF STEPHEN M. DONIGER, ESQ. IN SUPPORT THEREOF**<br><br>***([Proposed] Order; Declaration of Scott Serio Filed Concurrently Herewith)***<br><br>Date: May 24, 2021<br>Time: 10:00 a.m.<br>Location: 1st Street – 8D |

TO THE HONORABLE COURT, ALL PARTIES, AND THEIR RESPECTIVE COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT on April 24, 2021 at 10:00 a.m., or as soon thereafter as this matter may be heard by the above-entitled Court, located at 350 W 1st Street, Courtroom 8D, Los Angeles, California 90012, Plaintiff Eclipse Sportswire ("Plaintiff") will and hereby does request entry of default judgment against Defendant Chat Sports, Inc., a Delaware corporation ("Chat Sports)").

This motion is made on the grounds that:

1.  Chat Sports was served with operative Complaint and Summons on January 20, 2021 (*see* Dkt. 10), and has not responded to either Complaint or otherwise appeared in this action;

2.  Plaintiff filed its request for default against Chat Sports with United States District Court on March 12, 2021 (*see* Dkt. 12).

3.  Default was entered by the Clerk against Chat Sports on October 22, 2021 (*see* Dkt. 14);

4.  Chat Sports is not an infant, an incompetent person, in military service, or otherwise exempted under the Soldiers' and Sailors' Civil Relief Act of 1940;

5.  Plaintiff is now entitled to default judgment against Chat Sports on account of the claims pleaded in the Complaint, namely copyright infringement (17 U.S.C. § 101 *et seq*.);

6.  Plaintiff seeks statutory damages in the amount of Thirty Thousand Dollars and No Cents ($30,000.00);

7.  Under the Copyright Act (17 U.S.C. §101 *et seq*.), Plaintiff is entitled to recover costs incurred in this litigation, which amount to Four Hundred and Ninety Eight Dollars and Fifty Five Cents ($611.84);

8.     Plaintiff is further entitled to reasonable attorney's fees (*see* 17 U.S.C. §101 *et seq*.), which amount to Two Thousand, Four Hundred Dollars and Zero Cents ($2,400.00); and

9.     Notice of the entry of default judgment and notice of this motion and the amount requested was served on Chat Sports on April 14, 2021, as required by Local Rule 55-1(e).

This Motion is based on this Notice, the Memorandum of Points and Authorities, the declaration of Stephen M. Doniger, Esq., and the pleadings, file, and oral argument that may be presented at the hearing.

Dated: April 14, 2021                              DONIGER / BURROUGHS

                                        By:     /s/ Stephen M. Doniger
                                                Stephen M. Doniger, Esq.
                                                Scott A. Burroughs, Esq.
                                                Attorneys for Plaintiff

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT BY THE COURT

# **TABLE OF CONTENTS**

I.      INTRODUCTION.................................................................................................. 1

II.     RELEVANT FACTS AND PROCEDURAL HISTORY .................................. 1

III.    DEFAULT JUDGMENT IS PROCEDURALLY PROPER. ............................. 2

IV.     DEFAULT JUDGMENT IS PROPER BECAUSE ECLIPSE WOULD BE
PREJUDICED IF IT WERE NOT ALLOWED TO RECOVER ON ITS LAWFUL CLAIM OF
INFRINGEMENT................................................................................................ 3

   A.   Eclipse Would be Prejudiced if its Motion for Default Judgment Were Denied................ 3

   B.   Eclipse's Copyright Infringement Claims are Meritorious and Sufficiently Pled in the
   Complaint. ........................................................................................................ 4

   C.   Eclipse Should Not Be Denied the Substantial Amount of Damages It Would Likely
   Recover from Chat Sports at Trial.............................................................. 5

   D.   There is Little Possibility of a Dispute Concerning Material Facts.................................. 5

   E.   Chat Sports' Neglect in Defaulting is Not Excusable......................................... 6

   F.   Although the Federal Rules Generally Prefer Decisions on the Merits, Chat Sports Has
   Made A Decision on the Merits Impossible. ......................................................... 6

V.      ECLIPSE SHOULD BE AWARDED STATUTORY DAMAGES OF $30,000. ............. 7

   A.   Given Chat Sports' Failure to Participate in This Litigation, Eclipse Elects to Recover
   Statutory Damages............................................................................................ 7

   B.   An Statutory Award of $30,000 is Reasonable in This Case.............................................. 8

      1.   Eclipse Would Succeed In Proving Chat Sports' Infringement at Trial....................... 9

      2.   An Award of Statutory Damages Will Prevent Chat Sports' Unjust Enrichment. ....... 10

3.    Maximum Statutory Damages Will Deter Future Infringement. .................................. 10

VI.    ECLIPSE IS ENTITLED TO RECOVER COSTS IN THE AMMOUNT OF $611.84...11

VII.    ECLIPSE IS ENTITLED TO REASONABLE ATTORNEYS' FEES........................... 11

VIII.    CONCLUSION.................................................................................................. 12

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT BY THE COURT

# TABLE OF AUTHORITIES

Page(s)

Cases

*Aldabe v. Aldabe*,
   616 F.2d 1089 (9th Cir. 1980) ............................................................... 3

*Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*,
   506 Fed. Appx. 550 (9th Cir. 2013) ...................................................... 9

*Broadcasting of Birmingham, Inc.*,
   259 F.3d 1186 (9th Cir. 2001) ............................................................... 8

*Eitel v. McCool*,
   782 F.2d 1470 (9th Cir. 1986) ............................................................... 3

*Elektra Entertainment Group, Inc. v. Crawford*,
   226 F.R.D. 388 (C.D. Cal. 2005)...................................................... 8, 11

*Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*,
   499 U.S. 340 (1991) ............................................................................... 4

*James v. Frame*,
   6 F.3d 307 (5th Cir. 1993) .................................................................. 11

*Joe Hand Promotions, Inc. v. Pollard*,
   2010 WL 2902343 (E.D. Cal. July 22, 2010).......................................... 2

*L.A. Printex Industries Inc. vs. G&G Multitex, Inc.*,
   2010 WL 6648986 ................................................................................ 10

*Los Angeles News Service v. Reuters Television Intern, Ltd.*,
   149 F.3d 987 (9th Cir. 1998) ................................................................. 8

*Microsoft Corp. v. Nop*,
   549 F. Supp. 2d 1233 (E.D. Cal. 2008) ............................................. 6, 7

*Peer Int'l Corp. v. Pausa Records, Inc.*,
   909 F.2d 1332 (9th Cir. 1990) ............................................................... 8

*PepsiCo, Inc. v. California Security Cans*,
   238 F.Supp.2d 1172 (C.D. Cal. 2002) ................................................... 3

*Shaw v. Lindheim*,
   919 F.2d 1353 (9th Cir. 1990) ............................................................... 5

*Swaim v. Moltan Co.*,
   73 F.3d 711 (7th Cir. 1996) ................................................................... 2

*Televideo Systems, Inc. v. Heidenthal*,
   826 F.2d 915 (9th Cir. 1987) ................................................................. 4

*Three Boys Music Corp. v. Bolton*,
   212 F.3d 477 (9th Cir. 2000) ................................................................. 5

*Twentieth Century Fox Film Corp. v. Streeter*,
   438 F. Supp. 2d 1065 (D. Ariz. 2006) ....................................... 4, 6, 11

- vi -

*Warner Bros. Entm't Inc. v. Caridi*,
 346 F. Supp. 2d 1068 (C.D. Cal. 2004) ............................................................. 4, 6

Statutes

17 U.S.C. § 101 ......................................................................................................... 2, 3
17 U.S.C. §106 ............................................................................................................. 5
17 U.S.C. §410(c) ........................................................................................................ 5
17 U.S.C. §504(c) ........................................................................................................ 7
17 U.S.C. § 504(c)(1) ................................................................................................... 8
17 U.S.C. §504(c)(2) .................................................................................................... 7
17 U.S.C. § 505 .......................................................................................................... 11

NOTICE OF MOTION AND MOTION FOR DEFAULT JUDGMENT BY THE COURT

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

This motion concerns a case of copyright infringement by Defendant Chat Sports, Inc., a Delaware corporation ("Chat Sports") of an original photograph (the "Subject Photograph"). The Subject Photograph is owned by Eclipse Sportswire ("Plaintiff"), a premier photographic syndication company. The Subject Photograph was registered with the United States Copyright Office in 2018.

Following the publication and display of the Subject Photograph, Plaintiff discovered that Chat Sports, a live-sports news network, was commercially exploiting the Subject Photograph on its websites such as https://www.chatsports.com/top-news/a/breaking-justify-wins-belmont-stakes-becomes-13th-triple-crown-winner-39058 without its authorization. Serio Decl. ¶ 6. Chat Sports has been well aware of this action and yet has refused to defend itself. As a result of Chat Sports' disregard for the judicial system, Plaintiff now moves this Court to enter default judgment against Chat Sports in the amount of $33,011.84. This amount includes $30,000 in statutory damages, $611.84 in recoverable costs, and $2,400.00 in attorneys' fees as allowed by L.R. 55-3.

## II.   RELEVANT FACTS AND PROCEDURAL HISTORY

Plaintiff is the owner of the Subject Photograph that is the subject of this lawsuit. The Subject Photograph was taken and registered with the United States Copyright Office in 2018. Serio Decl. ¶ 5.

Chat Sports obtained, exploited, and published the Subject Photograph on its website without Plaintiff's authorization or consent. Plaintiff owns and manages the photographic works of editorial photographers, whose work have appeared in/on Sports Illustrated, Trainer Magazine, CBSSports.com, and The Downey Profile. Plaintiff is the exclusive licensee to the copyrights in the Subject Photograph. Serio Decl. ¶ 2. By maintaining a library of high-quality proprietary

- 1 -

photographs, Plaintiff attracts clientele to its business as the exclusive source of those photographs, and it is Eclipse's main source of income. Serio Decl. ¶ 3. Not only was the Subject Photograph exploited by Chat Sports, but Chat Sports has undercut Plaintiff's business as the exclusive licensee of its photographers' works. Id. Chat Sports' refusal to cooperate in this litigation makes it impossible for Plaintiff to determine the level of willfulness underlying Chat Sports' infringement of the Subject Photograph to determine appropriate damages for the same.

## III.   DEFAULT JUDGMENT IS PROCEDURALLY PROPER.

Plaintiff requested and received an entry of default against Chat Sports, and thus has no other course to pursue against this defendant except to move for default judgment.

Entry of default judgment ensures "that litigants who are vigorously pursuing their cases are not hindered by those who are not in an environment of limited judicial resources." *Swaim v. Moltan Co.*, 73 F.3d 711 (7th Cir. 1996); *see also Joe Hand Promotions, Inc. v. Pollard*, 2010 WL 2902343 (E.D. Cal. July 22, 2010); Fed. R. Civ. P. §55(b)(2). As the sum of judgment is not certain, Plaintiff must seek default judgment through the Court rather than the Clerk. Fed. R. Civ. P. §55(b)(1), (2).

In the instant case, Plaintiff has taken all reasonable steps to notify Chat Sports of this pending litigation, but Chat Sports has failed to respond to the Complaint in the correct form or to participate in this litigation whatsoever. Doniger Decl. ¶ 2. As the time for response has now lapsed, Plaintiff is left with no other action to enforce its intellectual property but to request a default judgment against Chat Sports. Because all necessary procedural requirements have been met, the requested default judgment should be granted.

**IV.    DEFAULT JUDGMENT IS PROPER BECAUSE ECLIPSE WOULD BE PREJUDICED IF IT WERE NOT ALLOWED TO RECOVER ON ITS LAWFUL CLAIM OF INFRINGEMENT.**

This is a straightforward case of copyright infringement by Chat Sports of Plaintiff's copyrighted photograph. Because it is unlikely that there would be any genuine dispute concerning the use by Chat Sports of the Subject Photograph, Plaintiff would be prejudiced if unable to prosecute its case and obtain the substantial amount of statutory damages it believes it would likely recover at trial.

The Court may grant default judgment in its discretion. *Aldabe v. Aldabe*, 616 F.2d 1089, 1092 (9th Cir. 1980). In making its decision, the Court may consider various factors, including (1) the possibility of prejudice to Plaintiff; (2) the merits of Plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether Defendant's default was due to excusable neglect; and (7) federal policy favoring decisions on the merits. *Eitel v. McCool*, 782 F.2d 1470, 1471–72 (9th Cir. 1986). As described below, the *Eitel* factors weigh heavily in favor of ordering a default judgment against Chat Sports.

**A.    Eclipse Would be Prejudiced if its Motion for Default Judgment Were Denied.**

Plaintiff has vigorously pursued its case and diligently attempted to notice Chat Sports of this pending litigation. Rather than hiring counsel and attempting to properly litigate Plaintiff's infringement claims, Chat Sports opted to simply default and hope that the judgment rendered by the Court would be lower than its potential legal fees. In the light of such flagrant misdeeds, to allow Chat Sports to escape liability by ignoring Eclipse and the judicial process would prejudice Plaintiff, a lawful copyright claimant. *See PepsiCo, Inc. v. California Security Cans*, 238 F.Supp.2d 1172, 1177 (C.D. Cal. 2002) (stating that if the plaintiff's

motion for default judgment was not granted, plaintiff would be "without other recourse for recovery).

Further, Plaintiff has already incurred expenses in attempts to serve Chat Sports as well as attorneys' fees in taking the necessary procedural steps to obtain a default judgment. Without an entry of default judgment against Chat Sports, Plaintiff would be prejudiced and without other recourse for recovery. Therefore, this factor favors default judgment against Chat Sports.

**B.** **Eclipse's Copyright Infringement Claims are Meritorious and Sufficiently Pled in the Complaint.**

Because the Complaint contains all necessary factual allegations for a copyright infringement claim, and because such allegations must be taken as true now that Chat Sports is in default, Plaintiff satisfies the second and third *Eitel* factors.

For purposes of default judgment, all factual allegations, except those pertaining to damages, are deemed admitted. *Televideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 918 (9th Cir. 1987). To properly allege a copyright infringement claim, a plaintiff "must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Twentieth Century Fox Film Corp. v. Streeter*, 438 F. Supp. 2d 1065, 1071 (D. Ariz. 2006) (quoting *Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.*, 499 U.S. 340, 361 (1991)); *see also Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1073 (C.D. Cal. 2004) (finding a complaint sufficient for the purposes of default judgment in a copyright infringement action where the plaintiff "alleged both ownership of a valid copyright and copying of constituent elements by [defendant]"). "Because, in most cases, direct evidence of copying is not available, a plaintiff may establish copying by showing that the infringer had access to the work and that the two

works are substantially similar." *Shaw v. Lindheim*, 919 F.2d 1353, 1356 (9th Cir. 1990).

Plaintiff is the owner of the copyright in the Subject Photograph.[1] The Complaint alleges use of the Subject Photograph by Chat Sports. (Complaint ¶ 9) and Chat Sports' access to the Subject Photograph through Plaintiff's website and social media accounts or through third-party websites. (Complaint ¶ 12). Chat Sports' unauthorized reproduction and uses of the Subject Photograph are violations of the copyrights which Plaintiff owns. *See* 17 U.S.C. §106.

Because Plaintiff's Complaint properly alleges the constituent elements of a cause of action for copyright infringement, the Complaint is sufficient. Plaintiff's meritorious claim and the sufficiency of the complaint weigh in favor of default judgment against Chat Sports.

**C.      Eclipse Should Not Be Denied the Substantial Amount of Damages It Would Likely Recover from Chat Sports at Trial.**

The statutory damages Plaintiff requests, discussed further below, is a substantial amount to which Plaintiff is entitled as the owner of the registered copyright. The financial incentive to steal proprietary photographs and reproduce and use those photographs for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity. This recoverable amount weighs in favor of default judgment against Chat Sports.

**D.      There is Little Possibility of a Dispute Concerning Material Facts.**

As owner of a copyrighted work, Plaintiff enjoys a presumption of validity in its copyright. *See* 17 U.S.C. §410(c). If Chat Sports disputed this validity, it certainly would have appeared to defend itself in this litigation regarding a

---

[1] Courts have consistently held that "registration is prima facie evidence of the validity of a copyright." *Three Boys Music Corp. v. Bolton*, 212 F.3d 477, 488–89 (9th Cir. 2000).

copyright infringement claim. As a reasonable dispute over this material issue is unlikely, this factor weighs in favor of default judgment against Chat Sports.

### E.   Chat Sports' Neglect in Defaulting is Not Excusable.

Because Chat Sports was properly served with the Complaint, its failure to respond in the correct form to this action cannot be due to excusable neglect. "A defendant's conduct in failing to respond may either be culpable or due to excusable neglect. A defendant's conduct is culpable if he has received actual or constructive notice of the filing of the action and failed to answer." *Warner Bros. Entm't Inc. v. Caridi*, 346 F. Supp. 2d 1068, 1072 (C.D. Cal. 2004) (internal quotations omitted). Chat Sports has failed to appear in this action despite being properly served with the Complaint and thus has not "demonstrated a clear purpose to defend the suit." *Twentieth Century Fox Film Corp*, 438 F.Supp.2d at 1074 n1.

Because Chat Sports has made no appearance in the correct form whatsoever, nor has it made any effort even to argue excusable neglect for its disregard of Plaintiff's claims and the judicial process, this factor weighs heavily in favor of default judgment.

### F.   Although the Federal Rules Generally Prefer Decisions on the Merits, Chat Sports Has Made A Decision on the Merits Impossible.

Chat Sports' refusal to participate in this litigation has made a decision on the merits impossible; therefore, default judgment is appropriate. Courts have found that "in light of the entry of default against defendant, there is no apparent possibility of a dispute concerning the material facts underlying the action." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1237 (E.D. Cal. 2008). Because Chat Sports failed to answer the Complaint, Plaintiff was deprived of the opportunity to conduct discovery to facilitate a decision on the merits. Because the Copyright Act allows statutory damages in lieu of actual damages (17 U.S.C.

§504(c)), recovery for Plaintiff is still possible despite such recalcitrance from Chat Sports. As discussed below, Plaintiff requests such allowable statutory damages. For these reasons, this factor heavily favors default judgment.

***

Application of the various *Eitel* factors to this case mandates the Court to exercise its discretion in ordering a default judgment against Chat Sports.

## V.   ECLIPSE SHOULD BE AWARDED STATUTORY DAMAGES OF $30,000.

Pursuant to Plaintiff's Complaint, Chat Sports is in default on and now liable for one act of copyright infringement. As such, Plaintiff is entitled to damages in the sum of $30,000.00 (17 U.S.C. §504(c)(2)).

### A.   <u>Given Chat Sports' Failure to Participate in This Litigation, Eclipse Elects to Recover Statutory Damages</u>.

Chat Sports failed to answer the Complaint and thus deprived Plaintiff of the opportunity to find out the full scope of Chat Sports' profits or continued use of the Subject Photograph through discovery in order to compute Plaintiff's actual damages. "[S]tatutory damages are appropriate in default judgment cases because the information needed to prove actual damages is within the infringers' control and is not disclosed." *Microsoft Corp. v. Nop*, 549 F. Supp. 2d 1233, 1238 (E.D. Cal. 2008). Because Chat Sports made Plaintiff unable to even approximate actual damages as a result of Chat Sports' infringement, Plaintiff elects to recover statutory damages.

Pursuant to the Copyright Act, the plaintiff in a copyright infringement suit "may elect, at any time before final judgment is rendered, to recover, instead of actual damages and profits, an award of statutory damages for all infringements involved in the action, with respect to any one work . . . in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1).

- 7 -

Further, "because awards of statutory damages serve both compensatory and punitive purposes, a plaintiff may recover statutory damages whether or not there is adequate evidence of the actual damages suffered by plaintiff or the profits reaped by defendant." *Los Angeles News Service v. Reuters Television Intern, Ltd.*, 149 F.3d 987, 996 (9th Cir. 1998); *Columbia Pictures Television, Inc. v. Krypton Broadcasting of Birmingham, Inc.*, 259 F.3d 1186 (9th Cir. 2001).

In this case, Chat Sports chose not to answer or otherwise respond to the Complaint and thus frustrated Plaintiff's ability to determine actual damages and profit disgorgement. Statutory damages are therefore particularly appropriate in the present action.

**B. <u>An Statutory Award of $30,000 is Reasonable in This Case</u>.**

Plaintiff is the exclusive licensee of the Subject Photograph. Serio Decl. ¶ 2. Because Plaintiff's business depends on the protection of its copyrights, infringements like the one at issue are particularly troubling, particularly where it appears that a trial on the merits would reveal that Defendant recklessly used its work without regard for its copyright—such that heightened statutory damages for willful infringement would be available.

Plaintiff seeks to recover $30,000.00–the maximum statutory damages award allowed for nonwillful infringement. 17 U.S.C. §§ 504(c)(1); *see Peer Int'l Corp. v. Pausa Records, Inc.*, 909 F.2d 1332, 1336 (9th Cir. 1990). When determining an amount of statutory damages in the context of default judgment in a copyright infringement action, the Court is guided by "the nature of the copyright, the circumstances of the infringement and the … express qualification that in every case the assessment must be within the prescribed maximum or minimum." *Peer Int'l Corp.*, 909 F.2d at 1336 (9th Cir. 1990); *see also Elektra Entertainment Group, Inc. v. Crawford*, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("[T]he amount of

statutory damages and costs requested consists of discretionary awards and statutory minimums.").

Furthermore, where the plaintiff has "pled that the defendants engaged in continuing willful infringement of its copyrights… the district court's default judgment includes an implied finding of willfulness." *Aries Music Entm't, Inc. v. Angelica's Record Distributors, Inc.*, 506 Fed. Appx. 550, 552 (9th Cir. 2013). Here, Plaintiff has established by presumption of willfulness by pleading that Defendants' "acts of copyright infringement were, and continue to be, willful, intentional and malicious." Complaint ¶ 16. Nevertheless, although Plaintiff may seek statutory damages of up to $150,000.00 for each act of infringement, it only requests reasonable damages of $30,000.00 resulting in a total that is smaller than the statutory maximum for a single act of willful infringement.

Thus, because the requested statutory damages amount is within the statutorily prescribed minimum and maximum, Plaintiff's request is not unreasonable and should be granted in order to vindicate its claim of copyright infringement.

   1.  <u>Eclipse Would Succeed In Proving Chat Sports' Infringement at Trial.</u>

This amount is reasonable in light of Chat Sports infringement of Plaintiff's Subject Photograph as part of its business promoting visuals on editorial articles. As discussed above, Plaintiff would have been able to prove this infringement at trial. An infringer, like Chat Sports, should not be unjustly enriched for its refusal to take responsibility for its unlawful actions. Thus, awarding Plaintiff anything less than the statutory maximum would effectively reward Chat Sports' refusal to cooperate in this litigation and encourage other defendants to follow suit.

2.   <u>An Award of Statutory Damages Will Prevent Chat Sports' Unjust Enrichment.</u>

In essence, the Copyright Act provides that no party should profit from the unauthorized use of a proprietary work. Unfortunately, Chat Sports' default prevents Plaintiff from uncovering the scope of the infringement or how much was earned by Chat Sports—damages that would fall on Chat Sports' shoulders to pay should Plaintiff recover at trial.

Moreover, Chat Sports' default prevents Plaintiff from obtaining a jury verdict against it for $30,000.00 in statutory damages, a statutory damages award that Plaintiff's counsel has successfully attained in other cases. *See, e.g.*, *L.A. Printex Industries Inc. vs. G&G Multitex, Inc*., 2010 WL 6648986 (Case No. 09-CV-03812, C.D.Cal. December 08, 2010, jury verdict for $150,000.00 in statutory damages against Defendant who claimed only a few thousand in profits). As with the *G&G Multitex* case, the availability of a substantial statutory damage award against Chat Sports exists even if its profits were relatively small.

If Chat Sports had participated in this litigation it would likely have faced damages of $30,000 plus costs of litigation for itself and Plaintiff. It stands to be unjustly enriched by anything less than a maximum award of statutory damages in the amount of $30,000 given Chat Sports' blatant and reckless disregard for its actions in copyright infringement and failing to cooperate with judicial system.

3.   <u>Maximum Statutory Damages Will Deter Future Infringement.</u>

Finally, an award of $30,000.00 will serve as an effective deterrent for those like Chat Sports who seek to profit from the work of others. Individual artists and creators producing high quality work will not be able to survive if their competitive advantage—namely, their intellectual property—can be stolen without serious consequence. The financial incentive to steal proprietary artwork from individuals

and use it for commercial purposes is enormous. It is thus critical to adequately deter and sanction infringing activity.

## VI. ECLIPSE IS ENTITLED TO RECOVER COSTS IN THE AMOUNT OF $611.84.

Under the Copyright Act, a prevailing copyright owner may recover full costs. 17 U.S.C. § 505; *see also Elektra Entm't Group Inc. v. Crawford*, 226 F.R.D. 388 (C.D. Cal. 2005) (awarding full costs to Plaintiff in default judgment for copyright infringement action). "An award of attorneys' fees would promote the protection of copyrights and further the goal of deterrence, by encouraging infringement actions for such violations." *Twentieth Century Fox Film Corp.*, 438 F.Supp.2d at 1075. Plaintiff requests to recover $611.84 in litigation costs it incurred in this case. *See* Doniger Decl. ¶ 6.

## VII. ECLIPSE IS ENTITLED TO REASONABLE ATTORNEYS' FEES.

In addition to costs, a prevailing copyright owner may also recover reasonable attorneys' fees under the Copyright Act. 17 U.S.C. §505. Plaintiff requests to recover these fees by this Court's default judgment.

A court may award "full costs, including reasonable attorneys' fees, to the prevailing party in a claim arising under the Copyright Act." 17 U.S.C. §505. Where a plaintiff is entitled to attorneys' fees by statute, the Court may award reasonable attorneys' fees with a default judgment in its discretion. *James v. Frame*, 6 F.3d 307, 311 (5th Cir. 1993). In the Central District, the Court can even award an amount greater than that calculated under the schedule of attorney fees for default cases. *See* Local Rule 55-3.

In this case, because Plaintiff seeks a default judgment of $30,000, Local Rule 55-3 provides an attorney's fee award of $2,400.00. Thus, Plaintiff requests an award of $2,400.00 to cover reasonable attorneys' fees. *See* Doniger Decl. ¶ 5. ///

**VIII. CONCLUSION**

Based on the foregoing, Plaintiff respectfully requests that the Court enter a default judgment against Chat Sports and in favor of Plaintiff awarding statutory damages in the amount of $30,000.00, attorneys' fees in the amount of $2,400.00, and costs in the amount of $611.84.

Respectfully submitted,

Date: April 14, 2021          By:    /s/ Stephen M. Doniger
                                     Stephen M. Doniger, Esq.
                                     Scott A. Burroughs, Esq.
                                     DONIGER / BURROUGHS
                                     Attorneys for Plaintiff

## <u>DECLARATION OF STEPHEN M. DONIGER, ESQ.</u>

I, Stephen M. Doniger, Esq., am an attorney at Doniger / Burroughs, which represents Plaintiff Eclipse Sportswire in this action. I have personal knowledge of each of the following facts stated in this declaration:

1. My firm caused this lawsuit to be filed against Defendant Chat Sports, Inc., a Delaware corporation ("Chat Sports"), which was served on January 20, 2021 (*see* Dkt. 10).

2. Although Chat Sports was served with the Summons and Complaint, it has not responded in the correct form or otherwise appeared in this action.

3. On March 15, 2021, the Court entered default in favor of Plaintiff and against Chat Sports (Dkt. 13).

4. To my best knowledge, Chat Sports is not a minor, incompetent, or in military service.

5. Pursuant to Local Rule 55-3, Plaintiff seeks attorneys' fees in the amount of $2,400.00 in connection with the pursuit of Plaintiff's claims against Chat Sports.

6. Plaintiff has incurred at least $611.84 in litigation costs, including in connection with the service of process on Chat Sports, obtaining a default against Chat Sports, and serving Chat Sports with notice of the same.

7. My office caused a copy of the Clerk's entry of default and a copy of this motion to be mailed to Chat Sports on April 14, 2021.

I solemnly swear and declare under the laws of the United States of America and the penalty of perjury that the foregoing is true and correct.

Dated: April 14, 2021        By:    /s/ Stephen M. Doniger
                                    Stephen M. Doniger
                                    Declarant