UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL  'O'

| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
|---|---|---|---|
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: | |
| Ben Tookey | Not Present | |

**Proceedings:** MOTION FOR DEFAULT JUDGMENT (Dkt. 14, filed on April 14, 2021)

## I.   INTRODUCTION

On January 6, 2021, plaintiff Eclipse Sportswire, an unincorporated sole proprietorship ("Eclipse"), brought suit in this Court against defendant Chat Sports, Inc. ("Chat Sports"), and Does 1 through 10. Dkt. 1 ("Compl."). The complaint alleges one claim for copyright infringement. Id.

On January 20, 2021, Eclipse's service processor served Chat Sports' designated agent, Harvard Business Services, by delivering a copy of the summons and complaint to 16192 Coastal Highway, Lewes, DE 19958-3608. Dkt. 10. On January 22, 2021, James T. Yoder, apparently the founder of Chat Sports, sent a letter to the Court attempting to dismiss the case.[1] The Court entered a Notice of Document Discrepancies, though, on the

---

[1] The letter requested a dismissal on the basis that venue was improper. In the Civil Cover Sheet, Eclipse averred that "50% or more of defendants who reside in this district reside" in Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County. Dkt. 2 at 2 (emphasis omitted). Yoder, though, stated that Chat Sports had no connection to Los Angeles, Ventura, Santa Barbara, or San Luis Obispo County, and in fact that Chat Sports ceased operation in California and is no longer registered to do business in the state as of May 3, 2018. Dkt. 9. However, motions to dismiss or transfer must be properly filed with the Court. C.D. Cal. L.R. 83-2.5. In any event, based on Eclipse's allegations, Chat Sports is a Delaware corporation, and there is no indication it is no longer registered there.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL     'O'

| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
|---|---|---|---|
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

grounds that (1) parties may not send letters to the judge, see C.D. Cal. L.R. 83-2.5; and (2) a corporation cannot appear *pro se*, see C.D. Cal. L.R. 83-2. Dkt. 9. The Notice of Document Discrepancies was mailed to Yoder, with his letter, on February 17, 2021. Dkt. 11.

In any event, Chat Sports failed to answer the complaint, and on March 12, 2021, Eclipse requested the Clerk of Court to enter a default against Chat Sports, dkt. 12, which the Clerk did on March 15, 2021, dkt. 13. On April 14, 2021, Eclipse filed the instant motion for default judgment. Dkt. 14 ("Mot."). Eclipse served Chat Sports with the motion for default judgment by mail and electronic mail that same day, again to the Delaware address noted above. Dkt. 15. Eclipse's motion was unopposed.

Having carefully considered the Eclipse's arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

Eclipse, located in Colora, Maryland, is a photographic syndication company that provides sports-related stock images to communication and media businesses. Compl. ¶ 4. Eclipse alleges that Chat Sports is incorporated under the laws of Delaware, with its principal place of business in San Francisco, California. Id. ¶ 5. Chat Sports is the owner of the website https://www.chatsports.com. Id.

Eclipse is the sole and exclusive owner of a photograph registered, as of July 2, 2018, with the United States Copyright Office, registration number VA 2-109-184 ("Subject Photograph"). Id. ¶ 8. The Subject Photograph depicts a racehorse, ostensibly Justify. Eclipse alleges that Chat Sports had access to the Subject Photograph through Eclipse's website and social media accounts, as well as on third-party websites. Id. ¶ 12. Eclipse further alleges that Chat Sports exploited the Subject Photograph for commercial gain, including by publishing it on the Chat Sports website, at https://www.chatsports.com/top-news/a/breakingjustify-wins-belmont-stakes-becomes-13th-triple-crown-winner-39058. Id. ¶ 9. Eclipse attaches an image of the website with the Subject Photograph. Id. ¶ 10. Based on these allegations, Eclipse brought a single claim for copyright infringment pursuant to the Copyright Act of 1976, 17 U.S.C. § 101, *et seq.* ("Copyright Act").

**CIVIL MINUTES – GENERAL**     'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

## III. LEGAL STANDARD

Pursuant to Federal Rule of Civil Procedure 55, when a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and the plaintiff does not seek a sum certain, the plaintiff must apply to the court for a default judgment. Fed. R. Civ. P. 55.

As a general rule, cases should be decided on the merits as opposed to by default, and, therefore, "any doubts as to the propriety of a default are usually resolved against the party seeking a default judgment." Judge Virginia A. Phillips & Judge Karen L. Stevenson, Fed. Civ. Pro. Before Trial § 6:11 (The Rutter Group 2021) (citing Pena v. Seguros La Comercial, S.A., 770 F.2d 811, 814 (9th Cir. 1985)). Granting or denying a motion for default judgment is a matter within the court's discretion. Elektra Entm't Grp., Inc. v. Crawford, 226 F.R.D. 388, 392 (C.D. Cal. 2005).

The Ninth Circuit has directed that courts consider the following factors in deciding whether to enter default judgment: (1) the possibility of prejudice to plaintiff; (2) the merits of plaintiff's substantive claims; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning the material facts; (6) whether defendant's default was the product of excusable neglect; and (7) the strong policy favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470, 1471–72 (9th Cir. 1986); Elektra, 226 F.R.D. at 392.

"Before a court can enter a default judgment against a defendant, the plaintiff must satisfy the procedural requirements set forth in Federal Rules of Civil Procedure 54(c) and 55, as well as Local Rule 55-1 and 55-2." Harman Int'l Indus., Inc. v. Pro Sound Gear, Inc., No. 2:17-cv-06650-ODW-FFM, 2018 WL 1989518, at *1 (C.D. Cal. Apr. 24, 2018). Accordingly, when an applicant seeks a default judgment from the Court, the movant must submit a declaration specifying: "(a) When and against what party the default was entered; (b) The identification of the pleading to which default was entered; (c) Whether the defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator or other representative; (d) That the Servicemembers Civil Relief Act (50 U.S.C. App. § 521) does not apply; and (e) That notice has been served on the defaulting party, if required by [Federal Rule of Civil Procedure] 55(b)(2)." C.D. Cal. L.R. 55-1. Under Local Rule 55-2, "where an application for default judgment seeks unliquidated damages, the party seeking entry of the default judgment is obligated to serve notice of the application on the defaulting party regardless

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

of whether the latter has appeared in the action." Halicki v. Monfort, No. 2:08-cv-00351-PSG-JTL, 2009 WL 10672966, at *2 (C.D. Cal. Nov. 19, 2009) (citing C.D. Cal. L.R. 55-2).

## IV. DISCUSSION

### A. Procedural Requirements

In connection with its motion for default judgment against Chat Sports, Eclipse submits a declaration attesting that: (a) the Clerk entered default against Chat Sports on March 15, 2021, after Chat Sports failed to respond to the complaint; (b) Chat Sports is not an infant or incompetent person; (c) Chat Sports is not in military service; and (d) Chat Sports was served by mail and electronic mail with notice of the Clerk's entry of default and Eclipse's motion for default judgment on April 14, 2021. See dkt. 14, Declaration of Stephen M. Doniger ("Doniger Decl") ¶¶ 1–7. Accordingly, Eclipse has satisfied the procedural requirements for entry of default judgment, and the Court proceeds to the merits of its motion.

### B. Application of the Eitel Factors

#### 1. Risk of Prejudice to Plaintiff

The first Eitel factor considers whether a plaintiff will suffer prejudice if a default judgment is not entered. PepsiCo, Inc. v. California Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002); see Eitel, 782 F.2d at 1471–72. Here, Chat Sports has not participated in this action to date, and Eclipse will therefore be prejudiced if default judgment is not entered in its favor. See IO Group, Inc. v. Jordon, 708 F. Supp. 2d 989, 997 (N.D. Cal. 2010) (finding that plaintiff asserting copyright infringement claim would be prejudiced by failure to enter default judgment because plaintiff "would be without recourse to stop Defendant's infringement or to recover for the harm and damages Defendant has caused") Accordingly, the first Eitel factor weighs in favor of entering default judgment against Chat Sports.

#### 2. Sufficiency of the Complaint and Likelihood of Success on the Merits

Courts often consider the second and third Eitel factors together. See PepsiCo, 238 F. Supp. 2d at 1175; HTS, Inc. v. Boley, 954 F. Supp. 2d 927, 941 (D. Ariz. 2013). The second and third Eitel factors assess the substantive merits of the movant's claims and the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
|---|---|---|---|
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

sufficiency of its pleadings, which "require that a [movant] state a claim on which [it] may recover." PepsiCo, 238 F. Supp. 2d at 1177 (quotation omitted); see Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978) (stating that the issue is whether the allegations in the pleading state a claim upon which plaintiff can recover). For the purposes of default judgment, all well-pleaded allegations in the complaint, except those relating to damages, are assumed to be true. Geddes v. United Fin. Grp., 559 F.2d 557, 560 (9th Cir. 1977). However, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992).

To prevail on a claim for copyright infringement, a plaintiff must establish: "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." Rice v. Fox Broadcasting Co., 330 F.3d 1170, 1174 (9th Cir. 2003) (quoting Feist Publ'ns, Inc. v. Rural Tel. Serv. Co., 499 U.S. 340, 361 (1991)). Here, Eclipse alleges that it is the sole owner and rights holder to the Subject Photograph, which it registered with the United States Copyright Office on July 2, 2018. Compl. ¶ 8. Additionally, Eclipse alleges that Chat Sports had access to the Subject Photograph and that Chat Sports used the Subject Photograph on its website without Eclipse's authorization. Id. ¶¶ 9, 12. These allegations are sufficient to satisfy the second and third Eitel factors. See Guternberg v. Realty Source Inc., No. 8:18-cv-01672-JLS-ADS, 2019 WL 2949040, *2 (C.D. Cal. Apr. 17, 2019) (finding that photographer satisfied second and third Eitel factors with respect to copyright infringement claim where photographer alleged that he was the sole author and rights holder to a photograph, that the photographer had registered the photograph with the Copyright Office, and that defendant used the photograph on defendant's website without purchasing a license).

3. Sum of Money at Stake in the Action

Pursuant to the fourth Eitel factor, courts balance "the amount of money at stake in relation to the seriousness of the [defaulting party's] conduct." PepsiCo, 238 F. Supp. 2d at 1176; see Eitel, 782 F.2d at 1471–72. "This determination requires a comparison of the recovery sought and the nature of defendant's conduct to determine whether the remedy is appropriate." United States v. Broaster Kitchen, Inc., No. 2:14-cv-09421-MMM-PJW, 2015 WL 4545360, at *6 (C.D. Cal. May 27, 2015); see Walters v. Statewide Concrete Barrier, Inc., No. 3:04-cv-02559-JSW, 2006 WL 2527776, *4 (N.D. Cal. Aug. 30, 2006)

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**       'O'

| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
|---|---|---|---|
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

("If the sum of money at issue is reasonably proportionate to the harm caused by the defendant's actions, then default judgment is warranted.").

Here, Eclipse seeks a total of $33,011.84, consisting of $30,000 in statutory damages, $2,400.00 in attorneys' fees, and $611.84 in recoverable costs. Mot. at 1. The Court finds that this amount is not so large or unreasonable so as to preclude the entry of default judgment. See Loiseau v. Reel Network LLC, No. 2:17-cv-08998-SVW-SS, 2018 WL 6039834, at *3 (C.D. Cal. July 26, 2018) (finding that fourth Eitel factor favored entry of default judgment where plaintiff in copyright infringement suit sought award of $32,963.55).

    4.     Possibility of a Dispute Concerning a Material Fact

The fifth Eitel factor considers the possibility that material facts are disputed. PepsiCo, 238 F. Supp. 2d at 1177; see Eitel, 782 F.2d at 1471–72. "Upon entry of default, all well-pleaded facts in the complaint are taken as true, except those relating to damages." PepsiCo, 238 F. Supp. 2d at 1177. Here, Eclipse "filed a well-pleaded complaint alleging the facts necessary to establish its claims, and the court clerk entered default against" Chat Sports. Philip Morris USA, Inc. v. Castworld Prod. Inc., 219 F.R.D. 494, 500 (C.D. Cal. 2003). Accordingly, "no dispute has been raised regarding the material averment of the complaint, and the likelihood that any genuine issue may exist is, at best, remote." Id.; see Elektra, 226 F.R.D. at 393.

    5.     Possibility of Excusable Neglect

The sixth Eitel factor considers whether the defendant's default may have been the product of excusable neglect. PepsiCo, 238 F. Supp. 2d at 1177; see Eitel, 782 F.2d at 1471–72. The possibility of excusable neglect here is remote. Chat Sports was served with the summons and complaint by personal service on January 20, 2021. Dkt. 10. Default was entered on March 15, 2021. Dkt. 13. Chat Sports was also served with Eclipse's motion for default judgment by mail and electronic mail on April 14, 2021. Dkt. 15. Chat Sports has neither responded to this action nor attempted to have the default set aside. Where a defendant "[is] properly served with the Complaint, the notice of entry of default, as well as the papers in support of the instant motion," there is little possibility of excusable neglect. Shanghai Automation Instrument Co. Ltd. v. Kuei, 194 F. Supp. 2d 995, 1005 (N.D. Cal. 2001). Accordingly, this factor favors entry of default judgment.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
|---|---|---|---|
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

6. **Policy Favoring Decisions on the Merits**

Under the seventh Eitel factor, courts take into account the strong policy favoring decisions on the merits. See Eitel, 782 F.2d at 1472. Of course, "this preference, standing alone, is not dispositive." PepsiCo, 238 F. Supp. 2d at 1177 (citation omitted). A party's failure to answer or appear makes a decision on the merits impractical, if not impossible. Id. "Notwithstanding the strong policy presumption in favor of a decision on the merits, where a defendant's failure to appear and respond 'makes a decision on the merits impractical, if not impossible,' default judgment is appropriate. Constr. Laborers Tr. Funds for S. Cal. Admin. Co. v. Black Diamond Contracting Grp., Inc., No. SACV 17-770-JLS (DFMx), 2017 WL 6496434, at *5 (C.D. Cal. Dec. 18, 2017). Chat Sports' failure to appear or otherwise respond makes a decision on the merits in this case "impractical, if not impossible." As a result, this factor does not preclude the entry of default judgment.

7. **Conclusion Regarding Eitel Factors**

Apart from the policy favoring decisions on the merits, all the remaining Eitel factors weigh in favor of default judgment, including the merits of Eclipse's claims. See Federal Nat. Mortg. Ass'n v. George, No. 5:14-cv-01679-VAP-SP, 2015 WL 4127958, *3 (C.D. Cal. July 7, 2015) ("The merits of the plaintiff's substantive claim and the sufficiency of the complaint are often treated by courts as the most important Eitel factors.") (citation omitted). Therefore, weighing all the Eitel factors, the Court finds that entry of default judgment against Chat Sports is appropriate.

**C.   Relief Sought by Plaintiffs**

"The general rule of law is that upon default the factual allegations of the complaint, except those relating to the amount of damages, will be taken as true." TeleVideo Sys., Inc. v. Heidenthal, 826 F.2d 915, 917–18 (9th Cir. 1987) (quotation omitted). The "[p]laintiff has the burden of proving damages through testimony or written affidavit." Bd. of Trustees of the Boilermaker Vacation Tr. v. Skelly, Inc., 389 F. Supp. 2d 1222, 1226 (N.D. Cal. 2005). Moreover, the movant seeking default judgment must prove the damages sought, and although the Court may hold an evidentiary hearing to determine the amount of damages, no hearing is necessary "if the amount of damages can be determined from definite figures contained in the documentary evidence or in detailed affidavits." Bravado Int'l Grp. Merch. Servs., Inc. v. Quintero, No. 2:13-cv-00693-SVW-SS, 2013 WL 12126750, at *4 (C.D. Cal. Nov. 27, 2013) (citation omitted).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
|---|---|---|---|
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

Here, Eclipse seeks a total of $33,011.84, consisting of $30,000 in statutory damages, $2,400.00 in attorneys' fees pursuant to Local Rule 55-3, and $611.84 in recoverable costs. Mot. at 1.

    1.    Statutory Damages

The Copyright Act provides that an "an infringer of copyright is liable for either (1) the copyright owner's actual damages and any additional profits of the infringer, as provided by subsection (b); or (2) statutory damages, as provided by subsection (c)." 17 U.S.C. § 504(a). Thus, the Act provides a successful plaintiff the option to recover statutory damages "in lieu of actual damages." Feltner v. Columbia Pictures Television, Inc., 523 U.S. 340, 343 (1998). Should a plaintiff elect statutory damages, a court "can award not less than $750 but not more than $30,000 per copyright infringed. Enhanced damages of up to $150,000 per copyright infringed may be granted on a finding of willful infringement." Harrington v. Equity Asset & Prop. Mgmt., Inc., No. 3:18-cv-00216-GPC-NLS, 2020 WL 209134, at *8 (S.D. Cal. Jan. 14, 2020).

Here, Eclipse requests $30,000.00 in statutory damages, rather than actual damages. Mot. at 7–8. Eclipse avers that Chat Sports "exploited" the Subject Photograph "in multiple website posts without [Eclipse's] authorization or consent." Compl. ¶ 13. On balance, the Court finds that an award of $30,000.00 in statutory damages is reasonable. See Loiseau, 2018 WL 6039834, at *4 (determining that award of $30,000.00 in statutory damages was reasonable on entry of default judgment where photographer alleged that defendant improperly used photographer's copyrighted photograph on defendant's website).

    2.    Costs and Reasonable Attorneys' Fees

The Copyright Act affords courts discretion to award "the recovery of full costs" and reasonable attorneys' fees. 17 U.S.C. § 505. "Plaintiffs in copyright actions may be awarded attorneys' fees simply by virtue of prevailing in the action: no other precondition need be met, although the fee awarded must be reasonable." Frank Music Corp. v. Metro-Goldwyn-Mayer Inc., 886 F.2d 1545, 1556 (9th Cir. 1989). Local Rule 55-3 sets forth a fee schedule for determining attorneys' fees awarded based upon the amount of the judgment awarded. C.D. Cal. L.R. 55-3. For a judgment between $10,000.01 and $50,000.00, the fee schedule provides for an attorneys' fees award consisting of $1,200.00 plus six percent of the amount over $10,000.00. Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL** 'O'

| | | | |
|---|---|---|---|
| Case No. | 2:21-cv-00098-CAS-MRWx | Date | June 7, 2021 |
| Title | ECLIPSE SPORTSWIRE v. CHAT SPORTS, INC. ET AL | | |

Here, consistent with the fee schedule set forth in Local Rule 55-3, Eclipse requests attorneys' fees in the amount of $2,400, which is equal to $1,200.00 plus $1,200.00—six percent of the amount of the judgment over $10,000.00 ($20,000.00). The Court concludes that $2,400.00 in attorneys' fees is reasonable. See Loiseau, 2018 WL 6039834, at *4 (determining that award of $2,400.00 was appropriate, based on fixed attorneys' fees schedule, where amount of judgment on default was $30,000.00).

Finally, Eclipse seeks $611.84 in costs for litigation expenses. Mot. at 11. According to Eclipse, these costs were incurred "in connection with the service of process on Chat Sports, obtaining a default against Chat Sports, and serving Chat Sports with notice of the same." Doniger Decl. ¶ 6. The Court concludes that an award of $611.84 in costs for these expenses is reasonable. See Loiseau, 2018 WL 6039834, at *4 (determining that award of $563.55 in costs was reasonable on entry of default judgment in copyright infringement action).

## V. CONCLUSION

In accordance with the foregoing, the Court **GRANTS** plaintiff's motion for default judgment. The Court **ORDERS** that judgment be entered against defendant, and that defendant shall be liable to plaintiff in the amount of $30,000.00 plus $2,400.00 in attorneys' fees and $611.84 in costs.

IT IS SO ORDERED.

| | | 00 | : | 03 |
|---|---|---|---|---|
| | Initials of Preparer | | CMJ | |